EUGENIA BIGIONTI ET AL. *v.* NEWMAN E. ARGRAVES,
HIGHWAY COMMISSIONER

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued October 7—decided October 29, 1964

*Rocco R. P. Perna,* for the appellant (named plaintiff).

*Jack Rubin,* assistant attorney general, with whom were *Harold M. Mulvey,* attorney general, and *Frederick D. Neusner,* assistant attorney general, for the appellee (defendant).

PER CURIAM. This appeal calls in question a referee's award of damages to the named plaintiff in compensation for the taking by the defendant, the highway commissioner, of a house which she owned located on land admittedly owned by the plaintiff town of Greenwich. The town accepted the amount awarded it for the taking of its land and is no longer a party to this action.

The Superior Court accepted one of two alternative findings of the referee and, in accordance therewith, rendered judgment for the named plaintiff in the amount of $5500. From that judgment this appeal is taken.

Although the named plaintiff was granted at least one extension of time in which to file a brief in the trial court, no brief was ever filed nor were any written claims of law otherwise made. The trial court was left to decide the case as best it could. After the case had been decided, the plaintiff, on the appeal to this court, filed five assignments of error, and an elaborate brief, raising various claims of law, including some of considerable complexity. See comment, "The Lessee's Rights in Eminent Domain," 31 Conn. B.J. 156. None of these claims, however, appears to involve any matter arising subsequent to the trial.

Claims of law, to receive consideration in this court, must have been raised in the court below. They may not for the first time be raised here. Since no claims of law were raised in the court below, the appeal presents no question proper for our consideration. Practice Book §§ 223, 652.

We may add that under the peculiar facts of this case we incline to the view that the named plaintiff was awarded all the damages to which she was equitably entitled. *Colaluca* v. *Ives,* 150 Conn. 521, 530, 191 A.2d 340, and cases cited.

There is no error.