JOHN MEYER OF NORWICH, INC. *v.* OLD COLONY TRANSPORTATION COMPANY

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued April 4—decided April 6, 1973

*Louis A. Perras, Jr.,* of the Massachusetts bar, with whom was *Francis J. Pavetti,* for the appellant (defendant).

*Jackson T. King, Jr.,* with whom was *Milton L. Jacobson,* for the appellee (plaintiff).

Per Curiam. The complaint, in the first count, alleges that on January 29, 1969, the plaintiff delivered to the defendant, a common carrier, certain goods of the value of $864.25, to be carried from Norwich to Oneonta, New York, and that the goods were not delivered and were lost. The second count alleges that on March 10, 1969, the plaintiff delivered to the defendant certain goods of the value of $940.25, to be carried from Norwich to East Patchogue, New York, and these were not delivered and were lost. The court rendered judgment that the plaintiff recover these amounts and the defendant has appealed.

The finding of facts made by the court consists of sixty-eight paragraphs and the defendant has attacked sixty-six paragraphs as being found without evidence. In addition, the defendant claims that the court erred in refusing to find fifteen paragraphs of its draft finding which the defendant claims are facts which were admitted or undisputed. We have stated repeatedly that a wholesale attack on the finding tends to cloud the real issue and casts doubt on the defendant's claims. *State* v. *Miselis,* 164 Conn. 110, 114, 318 A.2d 102; *Branford Sewer Authority* v. *Williams,* 159 Conn. 421, 424, 270 A.2d 546. An examination of the record, briefs and appendices to the briefs makes abundantly clear that no corrections are warranted.

The defendant assigns error contending that the court committed error in overruling various claims of law. Such claims must first be raised in the trial court. Practice Book § 223. The record fails to disclose that such claims were made and in argument before us the defendant's counsel admitted that he made no claims of law in the trial court. Such claims may not for the first time be raised here.

"Since no claims of law were raised in the court below, the appeal presents no question proper for our consideration. Practice Book §§ 223, 652." *Bigionti* v. *Argraves,* 152 Conn. 700, 701, 204 A.2d 408; *State* v. *Dukes,* 157 Conn. 498, 502, 255 A.2d 614; *State* v. *Taylor,* 153 Conn. 72, 86, 214 A.2d 362.

Finally, the defendant assigns error on claimed rulings on evidence. In the absence of compliance with the specific provisions of Practice Book § 648, there is no basis on which we can consider the merits of these assignments of error.

Rarely, if ever, has this court been faced with such a complete failure on the part of an appellant to observe our rules of appellate procedure. We can attribute this only to the fact that out-of-state counsel, an officer of the defendant corporation who was permitted to try the case in the court below and who subsequently was permitted to argue the appeal, undertook to do so even though he was obviously wholly unfamiliar with the practice and procedure in the courts of this state.

There is no error.