STATE OF CONNECTICUT *v.* ARTHUR SIMMS

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 18, 1975—decision released February 10, 1976

*Edward F. Kunin,* special public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Thomas A. Minogue,* assistant state's attorney, for the appellee (state).

LOISELLE, J.   On a trial to a jury the defendant was found guilty of selling heroin in violation of

Public Acts 1972, No. 278, § 24 (a). See General Statutes § 19-480 (a). He has appealed from the judgment rendered on the verdict.

The state offered evidence to prove that on November 17, 1972, an undercover agent, Richard P. O'Connell, while in Danbury, was introduced to the defendant, Arthur Simms, by Walter Johnson. During their conversation, O'Connell offered to buy heroin from the defendant. The defendant told O'Connell and Johnson to meet him in an alley. Once there, the defendant told O'Connell that the sale would have to be made through Johnson. O'Connell gave fifty dollars to Johnson, and then Johnson and the defendant walked about twenty feet away where Johnson exchanged the money for two glassine bags of heroin.

During the trial, Walter Johnson, who, at the time, was incarcerated in state prison, was called to the stand by the defendant and testified to his name and address. When asked if he knew "a man called Richard O'Connell," he refused to testify further and pleaded "the Fifth." He was then asked: "On November 17th of 1972, were you and another male now present involved in a sale of drugs with a man called Richard O'Connell?" The witness answered: "Again I plead the Fifth." Thereafter, the witness was allowed to consult with a public defender. After this consultation, the witness told the court that he would stand upon his constitutional right not to testify. The court then allowed Johnson to step down from the witness chair and leave the courtroom. The defendant's assignments of error are restricted to the court's actions relating to Johnson's claim of privilege against self-incrimination.

The first claim of the defendant is that the court erred by ruling that Johnson, who was called by the defendant, had the privilege against self-incrimination by virtue of the fifth amendment to the federal constitution. The defendant asserts that, by this ruling, the court violated his right to confront his accusers and to offer all exculpatory evidence available to him. The right asserted may reasonably be construed to mean the right to compulsory process for obtaining witnesses in the accused's favor. Trial counsel neither objected nor took exception to the court's ruling. This court will not consider claimed errors on the part of the trial court unless it appears that the question was distinctly raised at the trial and was ruled upon and decided by the court adversely to the appellant's claim. Practice Book § 652; see, e.g., *Gelinas* v. *Nelson,* 165 Conn. 33, 40, 327 A.2d 565; *John Meyer of Norwich, Inc.* v. *Old Colony Transportation Co.,* 164 Conn. 633, 635, 325 A.2d 286.

In exceptional circumstances, however, this court will consider newly raised claims. Only two situations may constitute "exceptional circumstances." "The first is . . . where a new constitutional right not readily foreseeable has arisen between the time of trial and appeal. . . . The second 'exceptional circumstance' may arise where the record adequately supports a claim that a litigant has clearly been deprived of a fundamental constitutional right and a fair trial." *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576. If the defendant's claim is to be considered, then it must come under the second "exceptional circumstance."

The defendant, as claimed by his appellate counsel, does have a constitutional right, under the

sixth amendment to the federal constitution and article first, § 8, of the state constitution, to compulsory process to produce witnesses in his behalf. Johnson, however, has a privilege against self-incrimination as provided by the fifth amendment to the federal constitution and by article first, § 8, of the state constitution. "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result."[1] *Hoffman* v. *United States,* 341 U.S. 479, 486–87, 71 S. Ct. 814, 95 L. Ed. 1118. The evidence presented by the state unmistakably indicates that Johnson was not only present at the time of the alleged sale but actually participated in it sufficiently to be charged as a principal. "In this setting it was not *'perfectly clear,* from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] *cannot possibly* have such tendency' to incriminate." *Hoffman* v. *United States,* supra, 488.

There exists, then, a conflict between the rights of the accused and the privilege of the witness. In this conflict, the accused's right to compel testimony must give way to the witness' privilege against self-incrimination, just as the power of the state to compel testimony must give way to the privilege. *Kastigar* v. *United States,* 406 U.S. 441, 444–45, 92 S. Ct. 1653, 32 L. Ed. 2d 212; see *Washington* v. *Texas,* 388 U.S. 14, 23 n.21, 87 S. Ct. 1920, 18 L. Ed. 2d 1019. This being the case, the defendant has failed to show that he was deprived of a fundamen-

[1] This standard was made applicable to the states in *Malloy* v. *Hogan,* 378 U.S. 1, 11, 84 S. Ct. 1489, 12 L. Ed. 2d 653.

tal constitutional right and, his claim, therefore, does not come within the second "exceptional circumstance." Aside from this, the discussion above shows unequivocally that the court was not in error in holding that Johnson had the right to refuse to testify on the grounds of protection against self-incrimination.

The second claim of the defendant is that the court, assuming Johnson could have incriminated himself, should have granted Johnson immunity and compelled him to testify. No one requested immunity in the trial court. This claim is considered, however, because of its relationship with the defendant's sixth amendment rights and because the second "exceptional circumstance," as stated in *State* v. *Evans,* supra, is possibly available to the defendant.

The defendant has failed to cite any case that supports his claim, but he does argue that General Statutes § 54-47a can be construed to require the prosecution to use its authority and grant immunity to the accused's witnesses when necessary to do justice. That section, however, is to be used by the chief state's attorney, a state's attorney, or the deputy chief state's attorney to secure testimony from a recalcitrant witness for the benefit of the prosecution.[2] See, e.g., *Brady* v. *United States,* 39 F.2d

[2] Section 54-47a has been repealed and a new section substituted on two occasions. Public Acts 1974, No. 74-227, § 1, and Public Acts 1974, No. 74-183, § 140. As applied to this case, the changes are not material and the section now provides: "Whenever in the judgment of the chief state's attorney, a state's attorney or the deputy chief state's attorney the testimony of any witness, or the production of books, papers or other evidence of any witness, in any criminal proceeding involving narcotics, gambling, election law violations or felonious crimes of violence, before a court, grand jury of this state or, as provided in subsection (b) of section 54-47, a state referee, judge of the superior court or three judges of the court of common

312, 314 (8th Cir.); *In re Petraeus,* 12 Cal. 2d 579, 582, 86 P.2d 343; *State* v. *Perry,* 246 Iowa 861, 871, 69 N.W.2d 412; see also 3 Wharton, Criminal Procedure (12th Ed.) § 409; 8 Wigmore, Evidence (McNaughton Rev.) § 2282, p. 519. As there is no other statutory authority granting immunity, and as § 54-47a does not apply to this case, the defendant has no source of authority for his position. *United States* v. *Berrigan,* 482 F.2d 171, 190 (3d Cir.); *United States* v. *Smith,* 436 F.2d 787, 790 (5th Cir.), cert. denied, 402 U.S. 976, 91 S. Ct. 1680, 29 L. Ed. 2d 142.

The defendant has also claimed that the requirement of Practice Book § 652, as qualified by the *Evans* rule, is a violation of the defendant's right to due process of law. The defendant concedes in his brief that the United States Supreme Court has

pleas, is necessary to the public interest, the chief state's attorney, the state's attorney, or the deputy chief state's attorney, may, with notice to the witness, after the witness has claimed his privilege against self-incrimination, make application to the superior or court of common pleas for an order directing the witness to testify or produce evidence subject to the provisions of this section. Upon the issuance of such order such witness shall not be excused from testifying or from producing books, papers or other evidence in such case or proceeding on the ground that the testimony or evidence required of him may tend to incriminate him or subject him to a penalty or forfeiture. No such witness shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he is compelled to testify or produce evidence, and no testimony or evidence so compelled, and no evidence discovered as a result of or otherwise derived from testimony or evidence so compelled, shall be used as evidence against him in any proceeding, except that no witness shall be immune from prosecution for perjury or contempt committed while giving such testimony or producing such evidence. Whenever evidence is objected to as inadmissible because it was discovered as a result of or otherwise derived from compelled testimony or evidence, the burden shall be upon the person offering the challenged evidence to establish a source independent of the compelled testimony or evidence."

not held this type of rule unconstitutional. The reasoning and authority cited in *State* v. *Evans*, supra, pp. 67-70, support the constitutionality of the rule. Such a rule serves the salutary purpose of alerting the trial court to possible errors while there is still opportunity to correct them. See *Zalewski* v. *Waterbury Mfg. Co.*, 89 Conn. 46, 49, 92 A. 682. No merit is found in the defendant's claim.

There is no error.

In this opinion the other judges concurred.