EDWARD J. HENRY *v.* BARRY M. KLEIN ET AL.
(5843)

O'CONNELL, STOUGHTON and FOTI, Js.

Argued May 18—decision released August 16, 1988

*Richard L. Newman,* with whom, on the brief, was *John J. Sapiro,* for the appellant (named defendant).

*Peter S. Vannucci,* for the appellee (plaintiff).

STOUGHTON, J. The named defendant, Barry M. Klein, appeals from a judgment rendered for the plaintiff after trial to the court. Klein claims that the trial court erred (1) in finding that the plaintiff had satisfied his burden of persuasion, (2) in admitting into evidence a portion of a codefendant's deposition as an admission against Klein, (3) in permitting the plaintiff to introduce evidence which was outside the scope of the pleadings, (4) in permitting the plaintiff to amend his complaint after trial had commenced, and (5) in finding that there was insufficient evidence to establish the defenses of laches, waiver and estoppel, and ratification. We find no error.

The court found the following facts upon the trial of this case. The plaintiff, with Klein and Leroy Burke, formed a corporation in 1962 which was called Candlewood Shores Estates, Inc. The three incorporators were officers, directors and stockholders of the corporation, and each of them owned 800 shares of stock. The plaintiff became active in the affairs of the corporation in 1981. He discovered that in 1969, Burke and Klein had each received an additional stock dividend of 800 shares, and that in 1970 Burke and Klein had each received another 4000 shares of stock. In 1975, Burke transferred his shares to his wife, Barbara Burke, and she became president of the corporation in 1981.

The plaintiff alleged that the issuance of the additional 4800 shares of stock in the corporation to Burke and to Klein violated his preemptive right, as set out in the articles of incorporation, to subscribe in proportion to his holding. This, he alleged, diluted the value of his holding, violated the trust and confidence reposed in Burke and Klein as officers and directors, and constituted a fraud. He further claimed that Burke and Klein fraudulently concealed their acts by preventing him from gaining access to books and records until February, 1981. Defaults for failure to appear were entered as to the defendants Leroy Burke, Barbara Burke and Candlewood Shores Estates, Inc., and the case proceeded to trial against Klein.

The trial court considered the allegations of the complaint and of the special defenses interposed by Klein.[1] After hearing all of the evidence, it concluded that Klein had failed to sustain his burden of proof as to any of the special defenses, and that the plaintiff's allegations that Burke and Klein had fraudulently concealed the true facts and acts taken by them relative to the corporation were true. The court rendered judgment for the plaintiff and voided all shares of stock in Candlewood Shores Estates, Inc., after the initial issuance in December, 1962.

Klein's first claim is that the court erred in finding that the plaintiff had satisfied his burden of persuasion that the actions taken by him and by Burke constituted

---

[1] In his amended answer the defendant alleged five special defenses. The first was that the action was barred by the statute of limitations. The second was that the action was barred by laches. The third special defense alleged that the issuance of shares to Klein was properly authorized and ratified by Candlewood Shores Estates, Inc. The fourth alleged that the same issuance was done with the plaintiff's knowledge and approval. The fifth was that shares were also offered to the plaintiff, that the plaintiff refused to purchase them and therefore was estopped from bringing the action and had waived any right to seek additional shares or reimbursement of past claimed profits.

fraud. The trial court found that the records of the corporation were sparse and that Burke and Klein had fraudulently concealed the true facts and acts taken by them relative to the corporation. It was within the court's discretion to decide that it would believe the testimony of the plaintiff and to disbelieve that of Klein. It had before it a portion of a deposition taken from Burke in connection with a bankruptcy petition filed for the corporation in which Burke referred to the stock transfers to him and to Klein as "a flimflam."

It is true, as Klein argues, that fraud must be strictly proven by clear, precise and unequivocal evidence. *Dacey* v. *Connecticut Bar Association,* 170 Conn. 520, 534, 368 A.2d 125 (1976); *Busker* v. *United Illuminating Co.,* 156 Conn. 456, 458, 242 A.2d 708 (1968). There was ample evidence, if believed, from which the court might have found that Klein and Burke had fraudulently led the plaintiff to believe that they had contributed money for their additional shares when in fact they had not done so. Klein in reality seeks to have this court retry the facts, and this we will not do. This court cannot find facts or draw conclusions from primary facts found, but can only review such findings to determine whether they could legally, logically and reasonably be found and whether the trial court could thereby conclude as it did. *Girgenti* v. *Cali-Con, Inc.,* 15 Conn. App. 130, 136, 544 A.2d 655 (1988).

Klein next claims that the trial court erred in admitting a portion of a deposition taken from Burke in connection with a bankruptcy petition filed for the defendant corporation, and using it against him. Practice Book § 4065 (d) (3) provides that when error is claimed in a ruling of the court, the brief or appendix must include the question or offer of exhibit, the objection and the ground on which it was based, the answer if any, the ruling, and any exception. The rule also provides that when the basis of the ruling cannot be

understood without a knowledge of the evidence or proceeding which preceded or followed the ruling, a brief narrative or verbatim statement of the evidence or proceeding should be made. Reference in the brief to pages in the transcript is not sufficient to comply with this rule. *Bodak* v. *Masotti,* 14 Conn. App. 347, 350, 540 A.2d 719 (1988); *Shenefield* v. *Greenwich Hospital Assn.,* 10 Conn. App. 239, 243, 522 A.2d 829 (1987). Klein has failed to comply with the rule and we will not consider this claim.

Klein's third claim is that the trial court erroneously permitted the plaintiff to introduce evidence which went beyond the issues framed by the pleadings. This evidence concerned repayment by the corporation of a loan which repayment was used to offset a dividend payment to the plaintiff in 1969 when Burke and Klein each received additional shares of stock. Klein claimed that the loan was the plaintiff's personal obligation, but the court clearly believed that the loan was made to the corporation. The plaintiff alleged that he had been deprived of his rights of subscription, that the value of his 800 shares of stock had been diluted and that Klein had violated the trust and confidence reposed in him as an officer and director. The trial court has broad discretion to determine both the relevancy and remoteness of evidence, and its rulings on evidentiary matters will be set aside on appeal only upon a showing of a clear abuse of discretion. *Dunham* v. *Dunham,* 204 Conn. 303, 324, 528 A.2d 1123 (1987). We cannot find such a clear abuse of discretion here.

Klein next claims that the court erred in permitting the plaintiff to amend his complaint. During the trial, the plaintiff was permitted to amend his complaint to allege that Burke and Klein had fraudulently concealed their acts by preventing the plaintiff from gaining access to the books and records of the corporation until approximately February, 1981. General Statutes § 52-595 provides that "[i]f any person, liable to an

action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."

The granting or denial of a motion to amend the pleadings is a matter within the discretion of the trial court. *Tedesco* v. *Julius C. Pagano, Inc.,* 182 Conn. 339, 341, 438 A.2d 95 (1980). Courts are liberal in permitting amendments; id.; and, to justify a refusal to allow an amendment, it must appear that there was some sound reason for the trial court's exercise of its discretion in that manner. *Cook* v. *Lawlor,* 139 Conn. 68, 71, 90 A.2d 164 (1952). Klein has not complied with Practice Book § 4065 (d) (3) in attempting to present this claim. Furthermore, although he argues that he was surprised, he does not claim, nor does it appear, that he requested a continuance. We cannot say that the trial court abused its discretion in permitting the amendment.

Finally, Klein claims that the trial court committed error in finding that there was insufficient evidence to establish the special defenses of laches, waiver and estoppel, and ratification. He essentially asks this court to retry the facts. The trial court heard all of the testimony and decided that the defendant had not established any of his special defenses. It is the province of the trial court to pass upon the credibility of witnesses and the weight to be accorded the evidence. *Nulman's Appeal from Probate,* 13 Conn. App. 811, 812–13, 537 A.2d 495 (1988); *Parkview Paving Co.* v. *New Haven,* 13 Conn. App. 574, 575, 537 A.2d 1049 (1988). Having reviewed the record, the briefs and the arguments presented, we conclude that the findings of the court are supported by the evidence.

There is no error.

In this opinion the other judges concurred.