[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court is whether the sealing of post judgment interrogatories by the court provides sufficient CT Page 8363 protection to the defendants against self-incrimination. The defendants have asserted the privilege against self-incrimination.
The sealing of the interrogatories in question by the court does not suffice to compel the defendants to give testimony which may tend to incriminate them.
The plaintiff, Harbor National Bank of Connecticut, obtained a judgment in the amount of $84,132.84 against the defendants Leeward Group, Richard Barbieri, Sr. and John Corpaci, which judgment was entered on May 8, 1991. The plaintiff shortly thereafter served post judgment interrogatories (Superior Court Form JC-CV-23a) on defendants Barbieri and Corpaci ("the defendants") to obtain information regarding personal assets of the defendants. The defendants have declined to answer all but the first interrogatory on the basis of the privilege against self-incrimination set forth in the fifth amendment to the United States Constitution, Article I, Section 8 of the Connecticut Constitution and Connecticut General Statutes 52-199.
Plaintiff then moved for an order of compliance. In objection to that motion, defendants state that they are the subjects of ongoing federal grand jury investigations in which their personal financial transactions are being scrutinized. Defendants contend that the sought identification of personal assets could establish a link to financial wrongdoing.
Following a hearing held on August 2, 1991, plaintiff's motion to compel was granted by order of the court. The defendants moved to reargue and for reconsideration of that order and submitted briefs in support thereof dated August 21, 1991 and August 22, 1991. Oral arguments were heard on September 11, 1991.
The fifth amendment to the United States Constitution states in pertinent part: "No person . . . shall be compelled in any criminal case to be a witness against himself. . . ." U.S. Const.Art. V. The guarantees of the fifth amendment have been applied to the status through the fourteenth amendment. Malloy v. Hogan,378 U.S. 1, 8, 84 S.Ct. 1489, 12 L.Ed.2d (1964). Article first, 8 of the Constitution of the State of Connecticut (as amended by Article XVII of the Amendments to the Constitution) states in part: "No person shall be compelled to give evidence against himself. . . ." Conn. Const., Art. I, 8. Although the language in the federal and state constitutions is not identical, the scope of the privilege granted thereunder has been held by the Connecticut Supreme Court to be identical. State v. Asherman, 193 Conn. 695, 711-15, 478 A.2d 227 (1984), cert. denied, 470 U.S. 1050, 1055 S.Ct. 1749 (1985). CT Page 8364
The defendants also assert their right to withhold testimony pursuant to General Statutes 52-199(a), which states as follows:
 In any hearing or trial, a party interrogated shall not be obliged to answer a question or produce a document the answering or producing of which would tend to incriminate him, or to disclose his title to any property if the title is not material to the hearing or trial.
General Statutes 52-199(a).
The privilege against self-incrimination can be asserted in a civil proceeding, Kastigar v. U.S., 406 U.S. 441, 444-45,92 S.Ct. 1653, 32 L.Ed.2d 212 (1971), and has been held in Connecticut to encompass depositions, Westport National Bank v. Wood, 31 Conn. Sup. 266, 268, 328 A.2d 724 (Super.Ct. 1974) and interrogatories, Lieberman v. Reliable Refuse Company, 4 CSCR 95
(December 8, 1988, Satter, J.) rev'd on other grounds, 212 Conn. 661,563 A.2d 1013 (1989). It protects against the disclosure of testimony "that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." Kastigar v. U.S., supra, 444-45. The privilege likewise extends to answers which "would furnish a link in the chain of evidence needed to prosecute." Hoffman v. U.S.,341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); State v. Valeriano, 191 Conn. 659, 666, 468 A.2d 936 (1983), cert. denied,466 U.S. 974, 104 S.Ct. 2351 (1984). "[T]he feared prosecution may be by either federal or state authorities." Malloy v. Hogan, supra, 11.
Self-incriminating testimony can be compelled, however, where immunity is granted, provided the scope of the immunity is as broad as the fifth amendment protection. Kastigar v. U.S., supra, 448-49. "If . . . the immunity granted is not as comprehensive as the protection afforded by the privilege, [a declarant is] justified in refusing to answer. . . ." Id. at 449. Thus, where the immunity afforded a declarant places him in a more precarious situation than if he had not been compelled to testify, he does not have to respond. See Counselman v. Hitchcock, 142 U.S. 547, 585, 12 S.Ct. 195, 35 L.Ed. 1110 (1892) (federal immunity statute granting use immunity[1] but not derivative use immunity[2] struck down as inadequate because the witness was not protected "to the same extent that a claim of the privilege would protect him.") cf. Kastigar v. U.S., supra, (held that federal statute granting use and derivative use immunity not violative of fifth amendment since immunity afforded CT Page 8365 is coextensive with scope of fifth amendment privilege."
A court has no authority to grant immunity. Pillsbury Co. v. Conboy, 459 U.S. 248, 261, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983); State v. McLucas, 172 Conn. 542, 561, 375 A.2d 1014, cert. denied, 434 U.S. 855 (1977); State v. Simms, 170 Conn. 206,210-11, 365 A.2d 821, 823, cert. denied, 425 U.S. 954,96 S.Ct. 1732 (1976). "That responsibility . . . is peculiarly an executive one. . . ." Pillsbury Co. v. Conboy, supra, 261. See 18 U.S.C. § 6002,6003 and General Statutes 54-47a. See also U.S. v. Housand, 550 F.2d 818, 824 (2d Cir.), cert. denied, 431 U.S. 970
(1977) (role of trial court is to determine if case is within framework of immunity statute; trial judge cannot confer immunity.)
 Congress foresaw the court as playing only a minor role in the immunizing process. The decision to seek use immunity necessarily involves a balancing of the Government's interest in obtaining information against the risk that immunity will frustrate the Government's attempts to prosecute the subject of the investigation. Congress expressly left this decision exclusively to the Justice Department.
United States v. Doe, 465 U.S. 605, 616-17, 104 S.Ct. 1237,79 L.Ed.2d 552 (1984) (citations omitted). Thus, in United States v. Doe, the court declined to adopt a "doctrine of constructive use immunity" urged upon it by the government. Id. The proposed doctrine would allow the court to impose a requirement on the government not to use the privileged information against the declarant event though the statutory procedures for the granting of use immunity pursuant to 18 U.S.C. § 6002 and 6003 have not been followed. Id. at 616. The court refused "to extend the jurisdiction of courts to include prospective grants of use immunity in the absence of the formal request that the statute requires." Id. Clearly the case law reflects concerns about the effect such a constructive grant of immunity would have on the prosecutorial system. See, e.g., Pillsbury Co. v. Conboy, supra, 253-255 (exclusive authority of executive branch to grant immunities promotes effective law enforcement); State v. Simms, supra, 210-11 (purpose of General Statutes 54-47a, Connecticut's immunity statute, is "to secure testimony from a recalcitrant witness for the benefit of the prosecution.")
The issue to which this decision is addressed, namely, whether the sealing by the court of the interrogatories in question suffices to compel the defendants to respond, has not been addressed in the federal or Connecticut case law insofar as CT Page 8366 research has been disclosed. A declarant must be granted at least use and derivative use immunity before he can be compelled to give testimony which would tend to incriminate him. Anything less than use and derivative use immunity would violate thefifth amendment under Kastigar. The court is without power to grant such immunity and accordingly the plaintiff's motion to compel is denied.
DONALD W. CELOTTO, JUDGE