[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO PLAINTIFF'S SECOND REQUEST TO AMEND
On August 13, 1992 the plaintiff filed a request for leave to amend her amended complaint in order to add a claim for unjust enrichment. On August 20, 1992 the defendant filed an objection to that request. The ground for the objection is that the equitable claim sought to be added is barred by the doctrine of laches, because were the plaintiff seeking a remedy at law, it would be barred by the statute of limitations established by General Statutes section 52-577.
A plaintiff seeking to amend the complaint later than thirty days after the return date may do so "[b]y filing a request for leave to file such amendment . . . . The court may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial." Practice Book section 176(c). "Courts are liberal in permitting amendments . . . and, to justify a refusal to allow an amendment, it must appear that there was some sound reason for the trial court's exercise of its discretion in that manner." (Citations omitted.) Henry v. Klein, 15 Conn. App. 496, 501,545 A.2d 575 (1988).
While it is true that "[e]quity ordinarily will refuse a remedy when the statute applying to similar actions at law has run," Lesser v. Lesser, 134 Conn. 418, 423, 58 A.2d 512 (1948), it is equally true that "in an equitable proceeding, a court may provide a remedy even though the governing statute of limitations has expired . . . ." Dunham v. Dunham, 204 Conn. 303, 326, 528 A.2d 1123 (1987). "Although courts in equitable proceedings often look by analogy to the statute of limitations to determine whether, in the interests of justice, a particular action should be heard, they are by no means obliged to adhere to those time limitations." Id., 326-327. "A conclusion that a plaintiff has been guilty of laches is one of fact for the trier and not one that can be made by [the] court unless the subordinate facts found make such a conclusion inevitable as a question of law." Papcun v. Papcun, 181 Conn. 618, 621, 436 A.2d 282 (1980).
CT Page 9240 The defendant's objection is overruled. The defendant will not be unduly prejudiced, as she need only amend her answer to include the special defense of laches, and then, if she so desires, file a motion for summary judgment.
Leheny, J.