[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OBJECTION TO PLAINTIFF'S REQUEST TO AMEND
This state has traditionally had a liberal policy regarding the allowance of amendments, Dunnett v. Thornton,73 Conn. 1, Henry v. Klein, 15 Conn. App. 496 (1988).
An amendment will be allowed unless it would cause unreasonable delay, mislead opposing counsel or confuse the issues, Crowell v. Middletown Savings Bank, 122 Conn. 362
(1937). The amendment here seeks to add a second count alleging a CUPTA violation. The defendant first objects on the grounds that suit was brought here in December of 1989 on factual allegations going back to 1987. The issues would be confused and the defendant harassed.
But the plaintiffs point out that the defendant failed to appear when the action was commenced, a default for failure to appear was granted and a hearing in damages scheduled which the plaintiffs claim was continued "repeatedly" at defense counsel and defendant's request. The matter was only opened by agreement in August of 1993, present defense counsel appeared and an answer was finally filed in September 1993. This amendment request was filed in February 1994.
Under these circumstances the court will certainly not exercise any discretionary power it has to prevent the amendment.
The second grounds for the objection to the amendment is that it is barred by the statute of limitations. There is no dispute that the CUPTA claim would be time barred unless it were held to relate back to the original complaint.
The defendants argue that a conflict of interest claim is added to the CUPTA claim which are a "new set of facts" CT Page 7221 and a different theory of recovery so the CUPTA claim cannot be held to relate back to the date of the original complaint.
Given our traditional liberal policy as to amendments, it is not surprising that Connecticut in effect decided to follow the liberal relation back doctrine set forth in Rule 15c the Federal Rules of Civil Procedure, see generally Federal Practice and Procedure, Wright, Miller 
Kane, Vol. 6A, see Giglio v. Conn. Light Power,180 Conn. 230, 237 (1980), Sharp v. Mitchell, 209 Conn. 59, 72
(1988) § 1497 pp 70-103. The whole rationale of the relation back rule is to ameliorate the effects of the statute of limitations, Siegel v. Converters Transp. Inc.,714 F.2d 213, 216 (CA2, 1983). The federal courts do not simply apply an identity of transaction test but also inquire whether the opposing party has been put on notice, see Giglio v. CLP, 180 Conn. at page 240 referring to 3 Moore's Federal Practice § 15.15(3).
The mere fact that a party changes its claim for relief or theory of recovery will not prevent the new claim from relating back, Tiller v. Atlantic Coast Line RailroadCo., 323 U.S. 574, 581 (1945), Zagurski v. American TobaccoCo., 44 FRD 440 (Dist. Conn., 1987). But an amendment will not be allowed and is barred by the statute of limitations if it alleges completely new facts, cf Sharp v. Mitchell
supra at page 73, Patterson v. Szabo Food Service of NewYork, 14 Conn. App. 178, 183.
The question remains whether a new factual basis is alleged on which the claim is based and of which the defendant had no fair warning. If the original complaint and the proposed amended complaint are read together, it seems fairly clear that the original complaint sets forth facts upon which a conflict of interest claim could have been made, cf paragraphs 2, 4, 5, 6, 7 and 8 of original complaint. The "conflict of interest" claim in the proposed amended complaint is based on the factual allegations that the defendant already had notice of in the first complaint. As said in the early case of Barthel v.Stamm, 145 F.2d 487, 491 (CA5, 1944).
 "Limitation is suspended by the filing of a suit because the suit warns the defendant to collect CT Page 7222 and preserve his evidence in reference to it. When a suit is filed in federal court under the rules the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of action or the relief played or the law relied in will not be confined to their first statement."
The objection to the amendment is overruled.
Corradino, J.