[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Whether defendants' motion to strike count three of the plaintiffs' amended complaint should be granted.
FACTS
The defendants, six physicians, Westerly Hospital (Westerly) and Packer Medical Associates (Packer), move to strike count three of the plaintiffs' amended complaint on the ground that the CT Page 853 claims should be pursued by way of a shareholders' derivative action because the injury claimed by the plaintiffs, five physicians, belongs to the corporation.
In their amended complaint, the plaintiffs allege the following relevant facts. In 1991, the plaintiffs invested $20,000 of personal funds in a corporation known as Seaport Walk-In Medical Center, P.C. (SWIM). Packer managed the corporation from the date of the plaintiffs' investment until December, 1995, when the defendants notified the plaintiffs that they would cease funding SWIM and the plaintiffs would incur obligations to which Packer committed the venture. The corporation is currently in dissolution.
The individual defendants, Drs. Strickland, Christian and Graham, are the president, vice president and secretary/treasurer of SWIM, positions they have held since SWIM's incorporation in October, 1991.
On October 25, 1996, the defendants moved to strike count three of the complaint and submitted a memorandum of law in support of their motion. On November 12, 1996, the plaintiffs filed an objection to the defendants' motion and submitted a memorandum in opposition to the motion.
DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825-26, 676 A.2d 357 (1996). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). While the motion to strike admits all facts well pleaded, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id. Thus, a successful motion to strike must be based solely on the factual allegations of the pleading being contested, not on facts that can only be proved by CT Page 854 evidence. Kilbride v. Dushkin Publishing Group, Inc.,186 Conn. 718, 719, 443 A.2d 922 (1982).
The plaintiffs first argue that the motion should be denied because the defendants assert facts that are not included in the complaint. Relying on facts outside the pleading being contested by a motion to strike is referred to as a "speaking motion to strike," which is improper. See Doe v. Marselle,38 Conn. App. 360, 660 A.2d 871, rev'd on other grounds, 236 Conn. 845,675 A.2d 835 (1996).
In their memorandum supporting their motion, the defendants paraphrase the claims made in the amended complaint. Although the defendants' interpretation of the plaintiffs' claims may be inaccurate, such paraphrasing does not rise to the level of extraneous material that forms the basis of a speaking motion to strike. See, e.g., State v. Bashura, 37 Conn. Sup. 745, 748,436 A.2d 785 (1981); Connecticut State Oil Company Inc. v. Carbone,36 Conn. Sup. 181, 182-83, 415 A.2d 771 (1979). See also Oxer v.Milani, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 13087 (October 12, 1994, Mottolese, J.,9 CSCR 1161) (in ruling on motion to strike, court would not consider a contract that was not part of the pleadings).
Count three of the amended complaint alleges that the defendants, Drs. Strickland, Christian and Graham, owed each of the individual plaintiffs a fiduciary duty to protect their investment in SWIM. The plaintiffs claim that, by failing to exercise the standard of care of a reasonable officer and director of a corporation, the defendants directly and proximately caused the plaintiffs to sustain ascertainable losses and damages. Contrary to the defendants' assertions in support of their motion, this count of the amended complaint does not allege that the three defendants mismanaged SWIM, but that they were negligent in the exercise of their fiduciary duty to the plaintiffs.
The Connecticut Supreme Court recognized that "there may be some instances in which the facts of a case give rise either to a direct action or to a derivative action, such as when an act affects both the relationship of the particular shareholder to the corporation and the structure of the corporation itself, causing a threatening injury to the corporation. . . ." (Citations omitted.) Fink v. Golenbock, 238 Conn. 183, 202,680 A.2d 1243 (1996). CT Page 855
"A distinction must be made between the right of a shareholder to bring suit in an individual capacity as the sole party injured, and his right to sue derivatively on behalf of the corporation alleged to be injured. . . . Generally, individual stockholders cannot sue the officers at law for damages on the theory that they are entitled to damages because mismanagement has rendered their stock of less value, since the injury is generally not to the shareholder individually, but to the corporation — to the shareholders collectively." (citations omitted.) Yanow v. Teal Industries, Inc., 178 Conn. 262, 281,422 A.2d 311 (1979).
"Derivative actions are governed by [General statutes] §52-572j. Under § 52-572j, a shareholder who believes that the corporation has been harmed by the actions of corporate officers, directors, or third parties may bring suit on behalf of the corporation, should the corporation fail to do so itself. In contrast, in order for a shareholder to bring a direct or personal action against the corporation or other shareholders, that shareholder must show an injury that is separate and distinct from that suffered by any other shareholder or by the corporation." Fink v. Golenbock, supra, 238 Conn. 200-01.
In the present case, the plaintiffs allege that they were individually harmed by the defendants' negligence. The plaintiffs cite fourteen examples of the defendants' negligence in count three of the amended complaint, including failure to disclose transactions and fraud. "Such claims . . . state personal, as opposed to derivative, causes of action." Yanow v. TealIndustries. Inc., supra, 178 Conn. 283. See also Henry v. Klein,15 Conn. App. 496, 499, 545 A.2d 575 (1988) (where court upheld a judgment in favor of the plaintiff who alleged that the defendant, an officer and director of a corporation, violated the trust and confidence conferred upon him in this capacity, committed fraud, and fraudulently concealed his acts by preventing the plaintiff from gaining access to books and records).
The court finds that the plaintiffs have set forth a set of facts upon which they may be entitled to relief. Accordingly, the defendants' motion to strike count three of the plaintiffs' amended complaint is denied.
D. Michael Hurley CT Page 856 Judge Trial Referee