PARKVIEW PAVING COMPANY, INC. *v.*
CITY OF NEW HAVEN ET AL.
(4798)

SPALLONE, DALY and O'CONNELL, Js.

Argued January 21—decision released March 8, 1988

*Steven B. Kaplan,* for the appellant (plaintiff).

*H. Gordon Hall,* for the appellees (defendants).

PER CURIAM. The plaintiff challenges a judgment rendered by the trial court in a breach of contract action brought by the plaintiff. The trial court found that the plaintiff, and not the defendant, breached the landscaping contract and that the plaintiff could not recover

the value of materials and services allegedly provided. We find no error.

"An appellate court may not retry facts and its duty upon review of such a claim is limited to a determination of whether the trial court's judgment was clearly erroneous in this respect or otherwise contrary to law. Practice Book § 4061; *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Ram Roofing & Sheet Metal Co.* v. *A.B.C. Plumbing & Heating, Inc.,* 2 Conn. App. 54, 56, 475 A.2d 341 (1984). It is the province of the trial court to pass upon the credibility of witnesses and the weight to be accorded the evidence. *Edgewood Construction Co.* v. *West Haven Redevelopment Agency,* 170 Conn. 271, 272, 365 A.2d 819 (1976); *Essex Savings Bank* v. *Leeker,* 2 Conn. App. 98, 102, 476 A.2d 1071 (1984). This court cannot find facts or draw conclusions from primary facts found, but can only review such findings to determine whether they could legally, logically and reasonably be found and whether the trial court could thereby conclude as it did. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982); *Hallmark of Farmington* v. *Roy,* 1 Conn. App. 278, 280–81, 471 A.2d 651 (1984)." *Nulman's Appeal from Probate,* 13 Conn. App. 811, 812–13, 527 A.2d 731 (1988).

After review of the record and arguments presented in this appeal, it is clear that the court did not err in concluding that the plaintiff breached the contract. The factual findings of the court are fully supported by the evidence and are legally correct.

There is no error.