CIOFFOLETTI CONSTRUCTION *v.* ALEXANDER NERING
(5845)

SPALLONE, DALY and NORCOTT, Js.

Argued March 9—decision released April 19, 1988

*William M. Laviano,* with whom, on the brief, was *Charlene LaVoie,* for the appellant (defendant).

*Richard A. Smith,* for the appellee (plaintiff).

PER CURIAM. The defendant appeals from the trial court's judgment for the plaintiff in an action seeking full payment for work the plaintiff did installing a septic system and performing other plumbing work. The defendant claims that the trial court erred (1) in accepting opinion evidence regarding the standards of the state building code where it should have accepted the standards in the code as a matter of law, (2) in awarding attorney's fees to the plaintiff in excess of 15 percent of the judgment in violation of General Statutes § 42-150aa (b) and in failing to award attorney's fees to the defendant on his successful counterclaim. We find error in part.

It is well established that appellate courts will not retry facts or pass upon the credibility of witnesses and the weight to be accorded the evidence. *Parkview Paving Co.* v. *New Haven,* 13 Conn. App. 574, 537 A.2d 1049 (1988). Our review in this appeal is limited to a determination of whether the trial court's judgment was clearly erroneous in this respect or otherwise contrary to law. Id. After our careful review of the record and arguments with respect to the defendant's first claim of error we find that the trial court did not err.

We next consider the defendant's claim that the trial court erred in awarding attorney's fees to the plaintiff and in denying the same to the defendant on his counterclaim. We agree.

General Statutes § 42-150aa[1] establishes the authority of the trial court to award attorney's fees to a commer-

---

[1] "[General Statutes] Sec. 42-150aa. ATTORNEY'S FEES LIMITED IN ACTIONS ON CONSUMER CONTRACTS OR LEASES. (a) The holder of any contract or lease entered into on or after October 1, 1979, the subject of which

cial party on behalf of which a judgment has entered on an action on a consumer contract. This statute clearly establishes a limit of 15 percent on the amount of the attorney's fees which can be awarded to a successful commercial party. In the present appeal, the trial court awarded the plaintiff attorney's fees in the amount of $500 on a judgment in the amount of $2374.22, where 15 percent of the award is $356.13. The trial court reasoned that "both counsel stipulated on the record that the attorney's fees requested by each of them were reasonable for the work done on this matter." The focus of our review, however, is not on the reasonableness of the award of attorney's fees but on the lawfulness of the award. While the trial court is generally accorded certain discretion in awarding reasonable attorney's fees the exercise of that discretion may not violate or conflict with the provision of the General Statutes and must conform to the 15 percent limit. See *Piantedosi* v. *Floridia,* 186 Conn. 275, 440 A.2d 977 (1982). By exceeding the limits for the award of attorney's fees under General Statutes § 42-150aa (b) the court exhibited plain error.

Similarly General Statutes § 42-150bb provides for the award of attorney's fees for consumers who successfully prosecute or defend an action or a counterclaim based upon the contract and sets forth as follows: "Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party,

---

is money, property or services intended to be used primarily for personal, family, or household purposes and which contains a provision for payment of attorney's fees of a creditor, seller or lessor, shall not receive, claim or collect any payment for attorney's fees (1) for an attorney who is a salaried employee of such holder or (2) prior to the commencement of lawsuit.

"(b) If a lawsuit in which money damages are claimed is commenced by an attorney who is not a salaried employee of the holder of a contract or lease subject to the provisions of this section, such holder may receive or collect attorney's fees, if not otherwise prohibited by law, of not more than fifteen per cent of the amount of any judgment which is entered."

provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. Except as hereinafter provided, the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party . . . ." Clearly, as a matter of law, the defendant was entitled to attorney's fees of $45.87, or 15 percent of the counterclaim award of $305.78. In denying the defendant this concededly modest amount, the trial court nonetheless plainly erred.

There is error in part, the judgment is set aside only as to the amount of attorney's fees awarded on the complaint and counterclaim, and the case is remanded for further proceedings not inconsistent with this opinion.