### ROBERT A. GOLFIN *v.* PLYMOUTH INDUSTRIAL DEVELOPMENT CORPORATION OF CONNECTICUT, INC.
### (6211)

DUPONT, C. J., STOUGHTON and FOTI, Js.

Submitted on briefs May 16—decision released May 24, 1988

*Joseph P. Patrucco* filed a brief for the appellant (defendant).

*Anthony A. Denorfia* filed a brief for the appellee (plaintiff).

PER CURIAM. The defendant appeals from the judgment of the trial court in favor of the plaintiff in an action seeking specific performance of a contract for the purchase of real property. The defendant claims that the trial court erred (1) in finding that the contract was valid, (2) in concluding that the contract was still in existence on a particular date, and (3) in finding that the plaintiff was ready, willing and able to perform so as to be entitled to the relief granted. We find no error.

It is well established that appellate courts will not retry facts or pass upon the credibility of witnesses and the weight to be accorded the evidence. *Cioffoletti Construction* v. *Nering,* 14 Conn. App. 161, 162, 540 A.2d 91 (1988). We are limited in our review to determining whether the judgment of the trial court was clearly erroneous, or if that judgment was contrary to law. *Parkview Paving Co.* v. *New Haven,* 13 Conn. App. 574, 537 A.2d 1049 (1988). After a careful review of the rec-

ord and briefs we conclude that the trial court did not err. The facts found were sufficient for the trial court to have concluded that there was a valid contract, that the contract had not been terminated, and that the plaintiff was ready, willing and able to perform prior to the closing. The court did not err in granting specific performance. Since the facts found are not clearly erroneous, and the conclusions are legally and logically correct, the trial court's decision must stand. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980).

There is no error.