ROGER PHILLIPS ET AL. *v.* ALEX PALAKEWITZ ET AL.
(6380)

DUPONT, C. J., STOUGHTON and NORCOTT, Js.

Argued December 9, 1988—decision released February 14, 1989

*Roberta E. Braunstein,* for the appellants (defendant Joel L'Heureux et al.).

*Thomas J. Londregan,* for the appellees (plaintiffs).

STOUGHTON, J. The plaintiffs brought this action seeking to enjoin the defendants from blocking and interfering with a right of way over an old road. The defendants Joel L'Heureux and Debra Ann Sass (hereinafter the defendants) denied that there was a right of way and, by way of counterclaim sought an order preventing the plaintiffs from entering or remaining on the portion of the road adjacent to their property. The court issued the injunction and also ordered certain additional relief not requested by the parties. The plaintiffs appealed, claiming error in the granting of the unrequested relief, and the defendants cross appealed. The plaintiffs' appeal was withdrawn after the trial court granted a motion to open the judgment and deleted the unrequested relief. The cross appeal of the defendants remains.

The defendants own a piece of property in the town of Salem that is bordered on its easterly side by Governors Road and on its southerly side by Morgan Road. The property forms a rectangle in the southeasterly portion of the plaintiffs' land. To the north of the defendants' property, the plaintiffs' property borders on Governors Road. To the west of the defendants'

property, the plaintiffs' property borders on Morgan Road. Governors Road and Morgan Road form an intersection at the southeasterly corner of the defendants' property.

There was evidence from which the court reasonably could have found the following facts. Governors Road was a public road extending from its intersection with Morgan Road northerly to its intersection with the New London Turnpike. The westerly portion of Governors Road, abutting the easterly boundary of the defendants' property, was cleared and had not become overgrown. The road had been in use by members of the general public for many years. On January 11, 1984, that portion of Governors Road which abuts the land of the plaintiffs and of the defendants was abandoned by the town. On various dates during 1986 and earlier, the defendants blocked the cleared portion of Governors Road, preventing access by the plaintiffs to their property by means of Governors Road. The court concluded that the defendants had failed to prove their claim of adverse possession and that, on the basis of its findings of fact, and by application of General Statutes § 13a-55,[1] the plaintiffs were entitled to a right of way in common with the defendants over the discontinued Governors Road. It rendered judgment for the plaintiffs and enjoined the defendants from blocking the right of way and from interfering with construction by the plaintiffs of a gravel driveway or with access by the plaintiffs to and from their lot over Governors Road.

---

[1] General Statutes § 13a-55 provides: "RIGHT-OF-WAY OF PROPERTY OWNERS BOUNDING A DISCONTINUED OR ABANDONED HIGHWAY OR A HIGHWAY ANY PORTION OF WHICH IS DISCONTINUED OR ABANDONED. Property owners bounding a discontinued or abandoned highway, or a highway any portion of which has been discontinued or abandoned, shall have a right-of-way over such discontinued or abandoned highway to the nearest or most accessible highway, provided such right-of-way has not been acquired in conjunction with a limited access highway."

The defendants claim that the court erred in its interpretation of and application of General Statutes § 13a-55 in finding that Governors Road was a public road that was abandoned in 1984, in refusing to find adverse possession by the defendants, in weighing the evidence, and in opening the judgment and deleting the unrequested equitable relief.

The defendants claim that the court should not have applied § 13a-55 because Governors Road was abandoned in the 1800's before § 13a-55 came into existence. This claim is easily disposed of. The court found that that portion of Governors Road which abuts the land of the plaintiffs and of the defendants was abandoned by the town of Salem on January 11, 1984, and there was evidence to support that finding. We will not retry the case. The defendants also claim that the language in § 13a-55 granting a right of way over a discontinued or abandoned highway to the nearest or most accessible highway means that because Morgan Road also borders their property, they must use it rather than the right of way over Governors Road for ingress and egress. This interpretation simply is not what the statute says. Under the provisions of § 13a-55, property owners bounding an abandoned highway are granted a right of way over the abandoned highway to the nearest or most accessible highway.

The challenges to the findings that Governors Road was a public road that was abandoned in 1984 and that the defendants had failed to prove adverse possession, and to the weight assigned by the trial court to the evidence, implicate the fact finding function of the trial court. We can neither retry facts nor pass upon the credibility of witnesses. We are limited in our review to determining whether the judgment of the trial court was clearly erroneous, or whether the judgment was contrary to law. *Golfin* v. *Plymouth Industrial Development Corporation of Connecticut, Inc.,* 15 Conn. App.

804, 543 A.2d 287 (1988). Since the facts found are not clearly erroneous, and the conclusions are legally and logically correct, the trial court's decision must stand. Id., 805.

The trial court in its original judgment defined the boundaries of a gravel driveway which the plaintiffs desire to construct, placed certain conditions on construction and use of the driveway and granted to the defendants certain parking privileges. The plaintiffs moved to open the judgment and the court, concluding that it should not have granted relief over and above that sought by the plaintiffs, corrected the judgment to eliminate the relief which had not been sought. We agree with the plaintiffs that the trial court was correct in doing so.

There is no error.

In this opinion the other judges concurred.