VERKADE'S NURSERY, INC. *v.* PHILIP H.
TUTHILL ET AL.
(6877)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued April 12—decision released September 12, 1989

*Joseph E. Moukawsher,* for the appellants-appellees (defendants).

*Rod W. Farrell,* for the appellee-appellant (plaintiff).

FOTI, J. The plaintiff initiated this action to collect the balance due of $15,641.73 on a running account between the defendants, doing business as a retail nursery and garden center, and the plaintiff, a wholesale nursery. The defendants appeal and the plaintiff cross appeals from the judgment rendered by the trial court

in favor of the plaintiff, awarding it $11,874.03 in damages. The defendants claim that the trial court's findings were contrary to the evidence and thus clearly erroneous. The plaintiff claims that the trial court erred in not awarding it the full amount due on a running account. We find no error.

The court found the following facts. The parties had a continuous business relationship for a period of years, beginning in the mid-1970s. The defendants' payments were admittedly not made promptly and a service charge was uniformly assessed by the plaintiff. Payments made were allocated, either in whole or in large part, to a running and delinquent account. Accounts were carried on a calendar year basis with charges for a new year placed on a "new account," and any and all payments thereafter received applied to the prior year's account until it was satisfied, with payments thereafter applied to the current or so-called "new account." A certified public accountant retained by the parties to review the records determined a corrected balance, including interest owed, of $15,439.92.

The trial court found, and the plaintiff concedes, that the pleadings did not allege any specific failure of the defendants to pay the 1976 account balance, and that proof at trial showed that the period of indebtedness claimed commenced on April 5, 1977. The court determined that a debt of $3565.89 was allegedly incurred in 1976, a period of time prior to that claimed in the plaintiff's amended complaint. Since that amount was included in the balance of $15,439.92, the court deducted $3565.89 and rendered judgment for the plaintiff in the amount of $11,874.03.

The defendants claim that the trial court's findings and judgment awarding the plaintiff $11,874.03 were contrary to the evidence and clearly erroneous. We disagree. "When the factual basis of the trial court's deci-

sion is challenged on appeal, the role of this court is to determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980)." *Cupina* v. *Bernklau,* 17 Conn. App. 159, 161, 551 A.2d 37 (1989).

We have reviewed the record and conclude that the trial court's findings are not clearly erroneous. The parties maintained a continuous business relationship over a twenty year period with certain payment and bookkeeping procedures followed by both parties.[1] This arrangement included a carrying charge that was added to the outstanding balance. Payments were first applied to prior indebtedness, until that amount was paid in full. Payments thereafter were applied to the new account. The impartial accountant, hired by the parties, reported only $201.81 in errors over nine years of business dealings between the parties. The evidence presented further established that when charges were placed on a new account while payments were applied to a prior year, the plaintiff would send two bills, the first showing the balance on the previous year's account to which payments were credited, and the second showing the balance on the new account to which purchases were charged. The defendants were therefore aware, on a monthly basis, when two accounts were running and the amount claimed due on each account.

The defendants further claim that because the trial court found the 1976 balance to be outside the scope of the pleadings, the court erred in granting interest on any balances claimed by the plaintiff before April 5, 1977. We find the defendants' argument to be with-

---

[1] The bookkeeping procedures, as noted by the trial court, were confusing. Both parties, however, apparently agreed to those procedures.

out merit. The court did not find that the pre-1977 balance of $3565.89 was not actually due and owing but rather that it could not be sustained as an amount recoverable because that period was outside the scope of the pleadings. The trial court accepted the evidence submitted by the expert together with the plaintiff's records regarding the orderly and proper periodic entries of interest charges to which the plaintiff was entitled.

In its cross appeal, the plaintiff alleges that the trial court erred in denying recovery of the full amount due. Essentially, the plaintiff asks us to retry the case as to this issue. We will not retry the facts or pass upon the credibility of witnesses. The facts found were not clearly erroneous and the trial court's conclusions were legally and logically correct. *Golfin* v. *Plymouth Industrial Development Corporation of Connecticut, Inc.*, 15 Conn. App. 804, 543 A.2d 287 (1988). We will not speculate on the credibility of the testimony or the weight given by the court to the evidence supporting its factual findings. The decision of the trial court is reasonably supported by the facts and applicable law.

There is no error.

In this opinion the other judges concurred.