[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' CONFLICT OF STATUTES AUTHORIZING ATTORNEY'SFEES IN AN ACTION TRANSFERRED TO THE REGULAR DOCKET OF THE SUPERIORCOURT
The issue before the Court is whether a plaintiff who prevails in a breach of contract action, based upon a consumer lease, is entitled to a reasonable amount of attorney's fees as authorized by General Statutes Sec. 52-251a, governing the award of costs and attorney's fees to plaintiffs in cases transferred to the regular civil docket from the small claims court, or to a flat 15 percent of the damages awarded, as required by General Statutes Sec. 42-150aa, governing the award of attorney's fees in actions on consumer contracts and consumer leases.
On October 4, 1994, plaintiff Arthur Lenzi; filed a small claims action against defendants Nancy and Thomas Lodge, seeking damages in the amount of $1,377.61 because of their alleged failure to honor a lease agreement. The Court granted the defendants' motion to transfer the small claims action from the Small Claims Session to the regular Civil Housing Division of the Superior Court where the case was tried to conclusion.
The Court found that the Plaintiff was entitled to $850.00 in rent for December of 1993 — the last month of the defendants' occupancy — plus damages in the amount of $100.00 for repair of a frozen pipe. In addition, the Court found that the Plaintiff was entitled to attorney's fees of 15 percent of the total judgement. The Court further found that since the defendants offered up reasonable persons as prospective tenants, who were not timely pursued by the plaintiff, the plaintiff failed to mitigate his damages. Accordingly, the Court found that the defendants were not liable for any rent due after they vacated the premises on December 31, 1993.
In the present case the plaintiff claims that he is entitled CT Page 12418 to recoup the attorney's fees charged by his attorney in prosecuting this action; namely, $2,500.00, pursuant to General Statutes Sec. 52-251a, the transfer statute, which provides for the prevailing party to receive a reasonable attorney's fee not necessarily limited to 15 per cent of the judgment. The plaintiff argues that Sec. 52-251a takes precedence over other statutes or contract provisions regarding attorney's fees in a situation where an action is commenced as a small claims action, then transferred to the regular docket of the superior court. While there is no dispute that the $2,500.00 charged by plaintiff's counsel is a reasonable fee in this case, the defendants claim, however, that the amount recovered in attorney's fees should be limited to 15 percent of the award as mandated by General Statutes Sec. 42-150aa, the consumer lease statute. General Statutes Sec. 42-150aa states in relevant part that
 If a lawsuit in which money damages are claimed is commenced by an attorney . . . [based upon a breach of a consumer lease, the lessor] may receive or collect attorney's fees . . . of not more than fifteen percent of the amount of any judgment. . . .
However, General Statutes Sec. 52-251a states that
 Whenever the plaintiff prevails in a small claims matter which was transferred to the regular docket in the superior court on the motion of the defendant, the court may allow to the plaintiff his costs, together with reasonable attorney's fees to be taxed by the court.
The Plaintiff urges the Court to follow the dicta in Burns v.Bennett, 220 Conn. 162 (1991), where the Supreme Court addressed concerns raised by the appellant that the effectiveness of the Small Claims Division as a low-cost forum for the resolution of relatively minor civil disputes would be undermined if transfers were summarily granted once formal requirements had been satisfied, without at least a minor inquiry into the viability of defendant's defenses. The Court found that those concerns were unwarranted since General Statutes Section 52-251a, "creates a substantial and effective disincentive for a defendant who might otherwise raise defenses bordering on the frivolous in an effort to gain a tactical advantage over a plaintiff . . ." Id. at 169. CT Page 12419 While this Court does not disagree with the proposition that awarding reasonable attorney's fees to a plaintiff pursuant to the transfer statute creates a disincentive for a defendant to raise frivolous defenses, this proposition is not dispositive of the present case before the Court. The simple fact that this present action originated in the Small Claims Session does not solely allow this Court discretion under General Statutes Sec.52-251a to award reasonable attorney's fees regardless of the fact that this case involves a lease. In Burns, the suit involved property damage to an automobile. There is no statute directly limiting attorney awards in such action. However, in the present case General Statutes Sec. 42-150aa limits attorney's fees in consumer leases.
It is a rule of statutory construction that a statute shall be construed so as to carry out the expressed intent of the legislature. Bridgeport v. Stratford. 142 Conn. 634, 641 (1955). Courts cannot defeat an expressed legislative intent in an effort to accomplish a reconciliation between repugnancies. The expressed intent of the legislature always governs. State ex rel.Rourke v. Barbieri, 139 Conn. 203, 207 (1952). This Court in determining the expressed intent of the legislature looked to the specific language of the statute. This Court finds that General Statutes Sec. 42-150aa plainly states a limit of 15 percent on the amount of attorney's fees which can be awarded in actions on consumer contracts or leases. This Court notes that even if the case had remained in Small Claims Court it would have bee [been] subject to the same statute because the case involved a consumer lease.
In Cioffoletti Construction v. Nering, 14 Conn. App. 161
(1988), the Appellate Court held that the trial court erred in awarding reasonable attorney's fees in a commercial transaction because the relevant statute clearly established a limit of 15 percent on the amount of attorney's fees which can be awarded. The Appellate Court stated that the trial court's exercise of discretion in awarding of attorney's fees in consumer transactions may not violate or conflict with the provision of the General Statutes and must conform to the 15 percent limit. Id. at 163.
In conclusion, this Court finds that the legislature did not intend that once a claim involving a consumer transaction was transferred from the small claims court to the civil division, that General Statutes Sec. 42-150aa would cease to mandate a 15 CT Page 12420 percent limit on attorney's fees. Therefore, the plaintiff's award of attorney's fees is limited to 15 percent of the damages found. Inasmuch as the damages were found to be $950.00, the Court awards to the plaintiff attorney's fees in the amount of $142.50.
Clarance J. Jones, Judge