[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 10485
Procedural History:
This is an action filed by James Tighe, Joyce Tighe and other owners of property in Middletown, Connecticut which abut Stantack Road in the Town of Berlin, seeking an injunction against the Town of Berlin to prohibit it from interfering with their right of way over Stantack Road. A court trial was held on March 23, 2000 in front of the Honorable Frances Allen, Judge Trial Referee, and briefs were submitted dated May 12, 2000. However, before Judge Allen could render a decision in this matter, she passed away, and the case was referred to this Court for any further proceedings and for a decision. Counsel for the plaintiffs, James Tighe and Joyce Tighe and the defendant, Town of Berlin, have stipulated on behalf of their clients that this is an action by James and Joyce Tighe as plaintiffs and the Town of Berlin as the sole remaining defendant. It does not appear from the file that all of the plaintiffs mentioned in the post trial briefs have withdrawn from the case or that the defendants other than the Town of Berlin have withdrawn from the case. However, based upon the stipulation of counsel aforementioned, the Court will consider that the only remaining defendant is the Town of Berlin, and the only remaining plaintiffs are James Tighe and Joyce Tighe. Whether those parties who have allegedly withdrawn have actually withdrawn is basically irrelevant because the issues in this case are the same regardless of whether those parties are or are not parties to this action. Counsel for the remaining plaintiffs and the remaining defendant have also stipulated that this Court may rely upon the transcript of the March 23, 2000 hearing before Judge Allen, the exhibits which were submitted and the post trial briefs of both parties dated May 12, 2000. They further agreed that the defendant, Town of Berlin, could present at least one witness, namely Vincent Carbonnell, hereinafter "Carbonnell", at an evidentiary hearing which was held before this Court on August 1, 2000. Additional photographs were introduced into evidence on August 1, 2000, which consist of three photographs labeled as plaintiffs' 10-a, 10-b and 10-c and defendant's exhibits G-1 through G-6 and Exhibit H. The defendant presented additional witnesses, and the Court overruled plaintiffs' objections to their testimony. Plaintiffs claimed that only Mr. Carbonnell was to testify based upon the agreement of counsel. The Court hereby reverses that ruling and sustains the objection to the testimony of every witness before it with the exception of Mr. Carbonnell and also removes Exhibit H as an exhibit since these photographs were presented by one of those witnesses. The Court has not and will not CT Page 10486 consider the testimony of August 1, 2000 of any witness other than Mr. Carbonnell and has not and will not consider Exhibit H. The Court indicated to the plaintiffs that it would hear testimony from one or more of the plaintiffs, but the plaintiffs declined to put on any witnesses. Accordingly, the Court will make its decision based upon the transcript of the — hearing before Judge Allen, the exhibits submitted at that hearing and made full exhibits, the briefs of the parties dated May 12, 2000 and the testimony of Carbonnell of August 1, 2000 as well as plaintiffs' Exhibit 10 and defendant's Exhibit G. From the totality of the evidence[1], including an assessment of the credibility of Carbonnell in considering his testimony of August 1, 2000, the Court makes the following findings:
1. This injunction action is an equitable action, and, therefore, the Court will make its decision based upon what is fair and equitable to the parties.
2. For many years a public highway known as Stantack Road existed as a public roadway in both Berlin and Middletown, Connecticut and ran from Spruce Brook Road in Berlin to Footit Road in Middletown.
3. On or about March 24, 1995 the Town of Berlin abandoned Stantack Road as a public highway for its entire length from the Berlin/Middletown town line to the intersection of Stantack Road and Spruce Brook Road.
4. The plaintiffs, James and Joyce Tighe, have, and at all times relevant hereto, owned and resided at and still own and reside at 605 Stantack Road, Middletown, Connecticut, which property abuts Stantack Road and is located at the intersection of Stantack Road and Footit Road in Middletown, the latter being a public highway in Middletown.
5. At all times relevant hereto the plaintiffs, James Tighe and/or Joyce Tighe, have owned other property, unimproved, abutting the westerly boundary of Stantack Road in the Town of Middletown and continue to own same. Their ownership of said land is shown on the Lamentation Mountain Tri-Town Project Map which is plaintiffs' Exhibit 8. At the hearing before this Court on August 1, 2000 when plaintiffs' counsel tried to stipulate that said map shows where these aforementioned lots or land is, defense counsel stated for the record that this exhibit was not proof of said CT Page 10487 ownership. Said statement was also made on March 23, 2000. However, based upon the deeds submitted in evidence and the contents of the transcript of the March 23, 2000 hearing, the Court finds that said ownership in the plaintiffs did and does exist as claimed.
6. Section 13a-55 of the Connecticut General Statutes provides as follows:
 "Right-of-way of property owners bounding a discontinued or abandoned highway or a highway any portion of which is discontinued or abandoned.
Property owners bounding a discontinued or abandoned highway, or a highway any portion of which has been discontinued or abandoned, shall have a right-of-way for all purposes for which a public highway may be now or hereafter used over such discontinued or abandoned highway to the nearest or most accessible highway, provided such right-of-way has not been acquired in conjunction with a limited access highway."
7. The plaintiffs have a right-of-way over Stantack Road as provided in said statute.
8. This right-of-way or easement in favor of the plaintiffs includes the right to travel over and improve the existing roadbed. The plaintiffs as abutting property owners hold a fee simple interest to the middle of the road subject to the statutory right-of-way in favor of other abutting owners.
9. During the past several years, the defendant, Town of Berlin, granted subdivision approval to Louis and Louise Valentine to construct single family homes in an area known as Lamentation Mountain Estates which is located on the southerly side of Spruce Brook Road where Stantack and Spruce Brook Roads intersect.
10. As part of the aforementioned subdivision Lamentation Drive was constructed and paved and eventually accepted by the Town of Berlin. Said Lamentation Drive was partially constructed over Stantack Road and presently intersects Stantack Road as shown on plaintiffs' Exhibit 7. CT Page 10488
11. In November 1993 Carbonnell purchased lot 5-75AA on Lamentation Drive, now known as 312 Lamentation Drive and shown on plaintiff's Exhibit 7. Between 1993 and 1996 Carbonnell was frequently at said lot clearing it and constructing his house. He moved into the house in the Fall of 1996. In late 1993 and/or early 1994 he witnessed people on motorcycles race into the woods from-Stantack Road near Lamentation Drive where his lot was located. The bikers were intoxicated and noisy. He also witnessed all terrain vehicles, four wheel vehicle, with big, knobby tires racing up Stantack Road in a northerly direction up a ramp and then coming down and almost hitting him and his children who were on the sidewalk adjacent to his lot. He also witnessed young people being dropped off in the area with bags and liquor and holding parties and making loud noises. He was very concerned about the safety of his family from the all terrain vehicles, the jeeps, the motorcycles, etc., that were speeding through the area recklessly and in disregard of the safety of him and his family. On October 1, 1995 he wrote a letter to the Police Commission of the Town of Berlin, defendant's Exhibit B, in which he complained about the noise from off road vehicles running wildly and related the incident about a group of men with dirt bikes who were noisy and intoxicated. Seven other homeowners in the subdivision were listed on the letter in support of his complaints.
12. At the request of the Planning and Zoning Commission of the Town of Berlin the developer of the subdivision installed a fence on Lamentation Drive to prevent traffic from Stantack Road going onto Lamentation Drive. This fence was subsequently knocked down and damaged as result of which the Town of Berlin reacting to the complaints of residents erected a stronger fence or gate in 1998. According to the testimony of Bonnie Therrien, Town Manager of the Town of Berlin, this fence or gate installed by the Town was installed within the right of way of Lamentation Drive. The gate had a lock, and keys to the lock were made available to all of the abutters of Stantack Road, including the plaintiffs.
13. Ms. Therrien also testified that she had received a number of complaints from the residents on Lamentation CT Page 10489 Drive. She said that a number of police reports show that residents of that area were complaining about parties and vehicles going in and out of the area. Based upon her testimony it is clear that a number of vehicles had tried to knock that gate down. The police reports are defendant's Exhibit A.
14. As a result of the safety concerns expressed by Carbonnell and to the town council and town manager the gate was erected.
15. Subsequent to the erection of the gate, the noise has abated, and the vehicles do not threaten the safety of the people who reside on Lamentation Drive.
16. The plaintiffs have unobstructed access to their property on Stantack Road from the south by Footit Road in the Town of Middletown which goes onto said Stantack Road northerly up to the gate. They cannot access their property by Stantack Road coming from the north where it intersects with Spruce Brook Drive southerly to Lamentation Drive where the gate is located.
17. Connecticut General Statutes Section 7-148(6)(c), 7-148(7)(B) and 7-148(7)(H) authorizes municipalities, including the Town of Berlin, to regulate and prohibit traffic, to abate all things detrimental to the health, morals, safety, convenience and welfare of its inhabitants, provide for the public health and safety, etc.
18. "When municipal authorities are acting within the limits of the formal powers conferred upon them and in due form of law, the right of courts to supervise, review or restrain them is necessarily exceedingly limited." McAdam v. Sheldon, 153 Conn. 278, 281
(1965). The Court finds that the action of installing the gate and keeping it locked is within the scope of the statutory power of the Town of Berlin. The right to do so is also supported by the common law which holds that "all private property is held subject to the police power of the state . . . and its use may be regulated in the interest of the public health, safety or welfare." Cohen v. Hartford, 244 Conn. 206, 218
(1998).[2] Cohen v. Hartford concerned the City of Hartford closing Pratt Street to all vehicular traffic. CT Page 10490 It differs from the case at bar because Pratt Street continues to be a city street and was not abandoned. However, the principle is the same in that the use of private property, which property is the fee simple interests the plaintiffs have in Stantack Road, may be regulated by the Town of Berlin in the interest of public health, safety or welfare.
19. Further, the Courts have held that the determination as to whether or not an interference with the right of way is reasonable under the circumstances is a factual one. Kelly v. Ivler, 187 Conn. 31, 49 (1982).
20. Plaintiffs cite Phillips v. Palakewitz, 17 Conn. App. 476. However, that case is not on point since it involved the question of whether or not there was adverse possession which is not an issue in this case.
21. Under the circumstances, with the safety of the residents, specifically Carbonnell and his family, at risk without the gate, and the access that the plaintiffs do have to their property by way of Footit Road and Stantack Road in Middletown and the fact that a key to the gate is available to all of the plaintiffs, this Court concludes that the inconvenience of stopping to unlock a gate when compared to the personal safety of residents or visitors is reasonably minimal and not an undue obstruction or interference with the use of the plaintiffs' right of way.
22. Plaintiffs allege that the Town of Middletown could also maintain a gate and development of the property of the plaintiffs would be impossible since plaintiffs alone could use the roadway. However, if development is attempted, the plaintiffs could seek an injunction to permit the necessary access for development. of course, Stantack Road would then become a town road, and there would no doubt be guard rails which would prevent access by the people who presently use the undeveloped areas off of Stantack Road to such areas.
23. The use of the gate in question with the keys being made available does not materially interfere with the reasonable enjoyment of the right of way or render that enjoyment substantially less beneficial or convenient CT Page 10491 than before its erection.
24. Ms. Therrien's testimony as to who could use the keys is a little unclear. On page 58 of the transcript she stated that no one could use the keys to unlock the gate "unless they have permission from a property owner to utilize that"; yet, the document, defendant's Exhibit C, which the plaintiffs are required to sign, prohibits them from allowing anyone else to use the keys. Since the prayer for relief is for unlimited access to Lamentation Drive and the dismantling of the gate, it is within the prayer for relief to expand the utilization of the keys.
25. Injunctive relief is an extraordinary remedy. The plaintiffs must prove irreparable harm to them and the lack of an adequate remedy at law. The restrictions placed upon the plaintiffs by the installation of the gate does not amount to irreparable harm.[3] Further, the plaintiffs may well have been able to appeal the decision of the Town of Berlin to install the gate. In that case, they did have an adequate remedy at law. Accordingly, the plaintiffs' request for an injunction is denied.
However, the Town of Berlin is ordered to permit the use of the keys to the gate to be expanded to include members of the abutters' families and any legitimate guests when accompanied by one of these abutters during the use of Stantack Road.
Rittenband, JTR