******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CONNECTICUT HOUSING FINANCE AUTHORITY
*v.* ASDRUBAL ALFARO ET AL.
(AC 37265)

Gruendel, Lavine and Prescott, Js.

*Argued December 8, 2015—officially released March 8, 2016*

(Appeal from Superior Court, judicial district of
Fairfield, Tyma, J.)

*Peter V. Lathouris*, with whom was *Richard M. Breen*, for the appellant (named defendant).

*Michael G. Tansley*, with whom was *Mary Barile Pierce*, for the appellee (plaintiff).

*Opinion*

PRESCOTT, J. The defendant Asdrubal Alfaro[1] appeals from the judgment of the trial court denying his motion for an award of attorney's fees pursuant to General Statutes § 42-150bb.[2] On appeal, the defendant claims that the court improperly denied his motion for attorney's fees because it found that he did not successfully defend the foreclosure action instituted by the plaintiff, Connecticut Housing Finance Authority, who withdrew the action as a matter of right. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In May, 2004, the defendant executed a promissory note (note) for $216,500 payable to Guaranty Residential Lending, Inc. The note was secured by a mortgage on property located at 465 Greenwood Street in Bridgeport. On June 27, 2012, the plaintiff initiated this foreclosure action against the defendant, alleging that the mortgage had been assigned to it and that the defendant had defaulted on the note.

On December 26, 2012, the defendant filed his answer with special defenses, one of which provided that the plaintiff lacked standing to bring and maintain this action because it was not a person or entity entitled to enforce the note and mortgage. On March 14, 2013, the plaintiff filed a motion for summary judgment, to which the defendant objected. In his objection, the defendant argued that the plaintiff lacked standing to bring this action because the plaintiff cannot prove that it is the holder of the note as it does not have possession of the original note; it only has possession of a copy of the original note, which does not contain any assignment to the plaintiff from Guaranty Residential Lending, Inc.

On April 24, 2013, the plaintiff withdrew its motion for summary judgment. Subsequently, on June 4, 2013, before any hearing on the merits was held, the plaintiff withdrew its foreclosure action as a matter of right pursuant to General Statutes § 52-80.[3] On June 10, 2013, the defendant filed a motion for attorney's fees pursuant to § 42-150bb. The court heard oral argument on the motion on July 23, 2014. On August 5, 2013, the court denied the defendant's motion for attorney's fees. This appeal followed. Additional facts will be set forth as necessary.

The defendant's sole claim on appeal is that the court improperly denied his motion for attorney's fees because it improperly found that he did not successfully defend the action as required by § 42-150bb. The defendant argues that "[i]t is only logical to surmise that the [p]laintiff realized that if the court determined that issues raised by [the defendant] went to the merits of the case, it could lose the right to foreclose on the mortgage," and, thus, the plaintiff withdrew its case on the basis of the defendant's special defense that the

plaintiff lacked standing to bring the action.

The plaintiff responds that the court properly found that the defendant did not successfully defend the action because nothing in the record reflects that the plaintiff withdrew the case because of any defense that the defendant interposed. The plaintiff further argues that a consumer party does not successfully defend an action brought by a commercial party for the purposes of § 42-150bb solely on the basis that the commercial party withdrew the action as a matter of right. We need not decide whether a consumer party can ever successfully defend an action pursuant to § 42-150bb if he or she can prove that the commercial party withdrew the action as a matter of right in response to the merits of his or her defense, because we agree with the plaintiff that the defendant here has failed to prove that his defense was the reason for the plaintiff's withdrawal of the action.

The following additional facts are relevant to deciding this claim. At the hearing on the motion for attorney's fees, the defendant argued that he had successfully defended the foreclosure action because "the defense and the arguments that were made caused the lender to withdraw the action because, frankly, I didn't think that they would be able to prove their case." No evidence was submitted to the court to show that the defendant's defense was the reason for the plaintiff's withdrawal of the action. The court found that the defendant had failed to establish that he successfully defended the action because there were a myriad of possible reasons why the plaintiff may have withdrawn the action as a matter of right.

In this case, to be awarded attorney's fees pursuant to § 42-150bb, the defendant was required to prove that: (1) he is a consumer party; (2) the plaintiff is a commercial party; (3) the mortgage that the plaintiff attempts to foreclose upon is a contract "in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes"; (4) the mortgage provides that the mortgage holder has the right to be awarded attorney's fees by the consumer if the mortgage holder successfully prosecutes an action on the basis of the mortgage; and (5) he successfully defended an action based upon the mortgage. See General Statutes § 42-150bb. The trial court only made a finding as to whether the defendant successfully defended the action; it made no findings as to the other four requirements. Although we note that this court has held that the issue of whether the contract at issue falls within the purview of § 42-150bb must be resolved first; *Tyler E. Lyman, Inc.* v. *Lodrini*, 78 Conn. App. 582, 589, 828 A.2d 676 (2003); neither party has briefed this issue on appeal. Thus, we will assume, only for the purpose of resolving this appeal, that the remaining four requirements were met and that

§ 42-150bb applies to foreclosure cases in general and to this foreclosure case in particular.

Whether a consumer party successfully defends an action pursuant to § 42-150bb is a question of fact. "We review the court's findings of fact under the clearly erroneous standard. . . . The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings on the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . ." (Internal quotation marks omitted.) *Romanczak* v. *AvalonBay Communities, Inc.*, 122 Conn. App. 499, 507–508, 998 A.2d 272 (2010); see *Cioffoletti Construction* v. *Nering*, 14 Conn. App. 161, 162, 540 A.2d 91 (1988) ("[o]ur review in this appeal is limited to a determination of whether the trial court's judgment was clearly erroneous . . . or otherwise contrary to law").

To successfully defend an action, a consumer party must "prevail on the merits of [its] answer or special defenses." *Wilkes* v. *Thomson*, 155 Conn. App. 278, 283, 109 A.3d 543 (2015). In raising his claim on appeal, the defendant has assumed that the plaintiff withdrew its action in response to his special defense. On the basis of this assumption, the defendant argues that he successfully defended the action and, thus, is entitled to attorney's fees under § 42-150bb. The record, however, does not indicate the reason that the plaintiff withdrew its action; it may have been because of the defendant's defense, but it may have been for a myriad of other reasons. There was no hearing on the merits, and the defendant offered no evidence at the hearing on the motion for attorney's fees to prove that the plaintiff withdrew the action in response to his defense.

The defendant's argument is founded on speculation alone. This court will not speculate on what is not in the record. See, e.g., *State* v. *Begley*, 122 Conn. App. 546, 552, 2 A.3d 1 (2010) ("this court will not speculate on what is not in the record"); *Dow & Condon, Inc.* v. *Muros North Ltd. Partnership*, 69 Conn. App. 220, 225, 794 A.2d 554 (2002) ("[this court is] not free . . . to make assumptions or to speculate about findings not made"). Thus, there was no evidence in the record from which the court could have found that the defendant prevailed on the merits of his defense. Accordingly, we conclude that the court's finding that the defendant did not successfully defend the action was not clearly erroneous, and, therefore, it properly denied the defendant's motion for attorney's fees pursuant to § 42-150bb.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Asdrubal Alfaro is the only defendant participating in this appeal. The other two defendants, Bank of America, N.A., and Rosibel Aguero, are not participants in this appeal. On September 24, 2012, the trial court granted the plaintiff's motion for default for failure to appear as to Bank of America, N.A. On March 6, 2013, the trial court granted the plaintiff's motion for default for failure to plead as to Aguero. Neither of those judgments is challenged on appeal. Accordingly, we refer in this opinion to Alfaro as the defendant.

[2] General Statutes § 42-150bb provides in relevant part: "Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the *consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. . . .* For the purposes of this section, 'commercial party' means the seller, creditor, lessor or assignee of any of them, and 'consumer' means the buyer, debtor, lessee or personal representative of any of them. The provisions of this section shall apply only to contracts or leases in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes." (Emphasis added.)

[3] General Statutes § 52-80 provides in relevant part: "If the plaintiff, in any action returned to court and entered in the docket, does not, on or before the opening of the court on the second day thereof, appear by himself or attorney to prosecute such action, he shall be nonsuited, in which case the defendant, if he appears, shall recover costs from the plaintiff. *The plaintiff may withdraw any action* so returned to and entered in the docket of any court, *before the commencement of a hearing on the merits thereof.* . . ." (Emphasis added.)